**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:**<br>**Jesus Vasquez, Jr.**<br>**Penney Leigh Vasquez**<br>　　　　　　*Debtors*<br><br>**Jesus Vasquez, Jr.**<br>**Penney Leigh Vasquez**<br>　　　　　　*Plaintiffs*<br>　　v.<br><br>**JPMorgan Chase Bank, N.A.**<br>　　　　　　*Defendant* | **CASE NO. 19-01841-5-SWH**<br>**Adv. Proc. No. 19-00100-5-SWH**<br>**CHAPTER 7** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

NOW COMES JPMorgan Chase Bank, N.A., the Defendant in the above captioned adversary proceeding and respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss the Plaintiffs' Complaint.

**INTRODUCTION**

On or about April 22,2019 (herein, the "Petition Date"), Jesus Vasquez Jr. and Penney Leigh Vasquez (herein, the "Plaintiffs") filed a petition for relief under Chapter 7 of Title 11 of the U.S. Code (herein, the "Code"). Following that, on June 21, 2019 the Plaintiffs commenced this action by filing a Complaint to Determine Validity, Priority, and Extend of Lien of JPMorgan Chase Bank, N.A. (herein, the "Complaint"). The Complaint sets forth only one claim for relief, which is the request to declare the lien of Defendant as void to the extent it exceeds the value of the subject property. Defendant has moved to dismiss on the basis that the relief requested by Plaintiffs is clearly and expressly prohibited by terms of the Code and existing caselaw.

## FACTUAL ALLEGATIONS

The facts in this case appear to be undisputed. Defendant holds a security interest in certain real property located at 404 Swann Point Avenue, Rocky Point, North Carolina (herein, the "Property") which is described in that certain deed of trust recorded in the Pender County Registry at Book 4295, Page 80 (herein, the "Deed of Trust"). The Deed of Trust secures the balance owed under a home mortgage Note in favor of Defendant in the original amount of $268,000.00. As of the Petition Date, the balance owed under the terms of the Note and Deed of Trust to Defendant was approximately $240,464.48.

The Complaint alleges that, as of the Petition Date, the value of the Property was $220,000.00. The Complaint argues that, pursuant to 11 U.S.C. § 506(a), the Claim of Defendant should be allowed only to the extent of $220,000.00 and, therefore, that the lien of Defendant is void to the extent it exceeds $220,000.00, pursuant to 11 U.S.C. § 506(d).

## ARGUMENT

### A.    Legal Standard of Motion to Dismiss

In reviewing a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B.    The Ruling in Dewsnup v. Timm Controls the Result in this Case.

The Supreme Court's construction of "secured claim" under § 506 as expressed in Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), prohibits the remedy sought in this action. In Dewsnup, the Chapter 7 debtor commenced an adversary proceeding to void a mortgage lien under § 506(d) of the Bankruptcy Code. The Court held that a debtor may not void a mortgage lien under § 506(d) if the creditor's claim is both secured by a lien and allowed under § 502 of the Bankruptcy Code.

The lien valuation and voidability sought by the Complaint is based upon the interplay of the claims allowance provisions of § 506(a) and the lien-voiding provision of § 506(d). Section 506(a) states that, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." Section 506(d) of the Code provides that, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." The Complaint argues that a lien is allowed only to the extent of the value of the underlying collateral as of the petition date and that the lien is void to the extent it exceeds this valuation amount.

The Dewsnup Court disagreed with this interpretation of the interplay between § 506(a) and § 506(d). Dewsnup defined the term "secured claim" in § 506(d) to mean a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim. The Court concluded "that § 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502." Id., at 417. In other words, under the rationale of Dewsnup, the "words should be read term-by-term to refer to any claim that is, first, allowed, and, second, secured." Id. at 415.

In the present case, just as in Dewsnup, the Complaint raises no question as to the underlying validity of Defendant's deed of trust. Therefore, Defendant's claim is an allowed secured claim. Because Defendant's claim is secured by a lien and allowed under § 502, it cannot be treated as partially void.

### C.      The Claims Allowance Process is Well-Settled Law

The Complaint cites dicta in a footnote in the decision of Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995, 192 L. Ed. 2d 52 (2015) as an invitation for debtors to challenge the Dewsnup ruling. However, the Complaint's reliance on a few sentences in the Caulkett case overlooks the fact that Dewsnup was supported by substantial contemporary caselaw; a long history of pre-code practice; and substantive rights created by non-bankruptcy law.

As the Court noted in Dewsnup, "…under pre-Code practice, 'liens pass[ed] through bankruptcy unaffected." Dewsnup at 417. Further, the Court noted that "Apart from reorganization proceedings…no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt." Dewsnup, 502 U.S. at 418-419.

Reading §506(d) to automatically strip all liens down to the value of the collateral would vastly alter the claims allowance landscape. Other portions of the Bankruptcy Code grant debtors the ability to strip or value liens in certain specific circumstances. Such other sections include: § 722 (Redemption); § 1325 (confirmation); § 1128 (confirmation). These code sections set forth discrete factual circumstances in which claims may be treated as secured for less than their total value.

Moreover, courts have generally disfavored constructions of the Bankruptcy Code that alter non-bankruptcy rights. The Code should not be read to abrogate state-law property rights

absent a "clear and manifest" contrary intention.  BFP v. Resolution Trust Corp., 511 U.S. 531, 544 (1994). "Unless some federal interest requires a different result…Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law," Butner v. United States, 440 U.S. 48, 54, 55 (1979). Therefore, when read in conjunction with this respect for non-bankruptcy rights and other sections of the Bankruptcy Code, it is more sensible that Section 506(d) addresses only liens securing claims that have been disallowed for some substantive invalidity.

Finally, since the Court's 1992 Dewsnup decision, Congress has had many opportunities to amend the Bankruptcy Code, including the extensive changes of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").  Notably, BAPCPA even amended other parts of § 506 but did nothing to upset the construction of § 506(d) determined by Dewsnup. As such, the claims allowance process set forth in pre-Code practice, recognized by Dewsnup, and left undisturbed by Congress is well-settled law which bears no revisiting.

WHEREFORE based upon the foregoing arguments, the Court should grant Defendant's Motion to dismiss the Complaint pursuant to Rule 12(b)(6).

## CONCLUSION

WHEREFORE based upon the foregoing arguments, the Court should grant Defendant's

Motion to Dismiss the Complaint pursuant to Re 12(b)(6).

This is the 21st Day of August 2019.

**BROCK & SCOTT, PLLC**
Attorney for JPMorgan Chase Bank, N.A.


/s/ Neil D. Jonas
Neil D. Jonas
N.C. Bar No. 31622
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
Ph: (704) 369-0676
Fax: (704) 369-0760
neil.jonas@brockandscott.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:**<br>**Jesus Vasquez, Jr.**<br>**Penney Leigh Vasquez**<br>　　　　　　*Debtors*<br><br>**Jesus Vasquez, Jr.**<br>**Penney Leigh Vasquez**<br>　　　　　　*Plaintiffs*<br>　v.<br><br>**JPMorgan Chase Bank, N.A.**<br>　　　　　　*Defendant* | CASE NO.  19-01841-5-SWH<br>Adv. Proc. No. 19-00100-5-SWH<br>CHAPTER 7 |

## CERTIFICATE OF SERVICE

　　　The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the MEMORANDUM OF LAW in the above captioned case were this day served upon the below named persons by electronic service and/or mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

Richard Preston Cook
7036 Wrightsville Ave., Suite 101
Wilmington, NC 28403
*Served via CM/ECF*

　　　This is the 21st Day of August 2019.

　　　　　　　　　　　　　　　　　　　/s/ Lenika Kirkham-Young
　　　　　　　　　　　　　　　　　　　Lenika Kirkham-Young
　　　　　　　　　　　　　　　　　　　Brock & Scott, PLLC
　　　　　　　　　　　　　　　　　　　8757 Red Oak Blvd., Suite 150
　　　　　　　　　　　　　　　　　　　Charlotte, NC 28217
　　　　　　　　　　　　　　　　　　　Ph: (704) 369-0676
　　　　　　　　　　　　　　　　　　　Fax: (704) 369-0760