IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-62-D

JESUS VASQUEZ, JR., and )
PENNEY LEIGH VASQUEZ )
)
    Appellants, )
)
v. )   **ORDER**
)
WILMINGTON SAVINGS FUND )
SOCIETY, FSB, )
)
    Appellee. )

On March 27, 2020, Jesus Vasquez, Jr., and Penney Leigh Vasquez (the "Vasquezes" or "appellants") appealed the order of the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court") granting Wilmington Savings Fund Society, FSB's (the "Wilmington Savings Fund" or "appellee") motion to dismiss the Vasquezes' adversary proceeding [D.E. 1].[1] The Bankruptcy Court held that, under Dewsnup v. Timm, 502 U.S. 410 (1992), the Vasquezes could not "strip down" Wilmington Savings Fund's lien to the value of the underlying collateral in their Chapter 7 bankruptcy. See Order [D.E. 1-1] 5. As discussed below, the court affirms the Bankruptcy Court's order.

I.

On April 22, 2019, the Vasquezes filed a petition under Chapter 7 of the Bankruptcy Code. See [D.E. 6-1] 3. Before the Vasquezes received their Chapter 7 discharge, they initiated an adversary proceeding against Chase (Wilmington Savings Fund's predecessor-in-interest) concerning

---

[1] On May 26, 2020, the court substituted Wilmington Savings Fund for JP Morgan Chase Bank, N.A. ("Chase") as the appellee in this action. See [D.E. 16].

Chase's lien on the Vasquezes' real property located at 404 Swann Point Avenue in Rocky Point, North Carolina (the "property"). See id. at 3–5. On July 25, 2013, the Vasquezes executed a deed of trust in favor of Chase concerning the property to secure a home mortgage note with an original balance of $268,000. See id. at 5–6, 11–31. When the Vasquezes filed their Chapter 7 petition, the Vasquezes' home mortgage note had an outstanding balance of $240,464.48, and the property had a fair market value of $219,705. See id. at 6–7.

In the adversary proceeding, the Vasquezes argued that, under 11 U.S.C. § 506(a), the amount of Chase's secured claim was the property's fair market value, not the outstanding home mortgage note balance. The Vasquezes then argued that 11 U.S.C. § 506(d) operates to void Chase's lien to the extent the outstanding home mortgage note balance exceeded the property's fair market value. See id. at 3–9; Order at 2. In accordance with Dewsnup, 502 U.S. at 415–20, the Bankruptcy Court rejected that argument. The Bankruptcy Court noted that Dewsnup established a two-part inquiry to determine if a creditor's claim was an "allowed secured claim" under section 506(d): (1) whether the creditor's claim "allowed" under 11 U.S.C. § 502(a); and (2) whether the creditor's claim is "secured" under section 506(a). See Order at 4; Dewsnup, 502 U.S. at 415–17. If a creditor's claim is both "allowed" and "secured" under the respective bankruptcy code provisions, section 506(d) does not operate to disallow (i.e., "strip down") the creditor's claim. See Order at 4; Dewsnup, 502 U.S. at 415–17. The Bankruptcy Court held that Chase's claim was "allowed" and "secured." Accordingly, the Bankruptcy Court held that under Dewsnup the court could not "strip down" Chase's lien under section 506(d) to the property's fair market value. In reaching this conclusion, the Bankruptcy Court thoroughly discussed the Vasquezes' arguments concerning why the Supreme Court wrongly decided Dewsnup, but concluded that Dewsnup controlled the disposition of the Vasquezes adversary proceeding. See id. at 5–10. This appeal followed.

The Bankruptcy Court possessed authority to enter a final judgment, and this court has jurisdiction over this appeal. See, e.g., 28 U.S.C. § 158(a); Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 32–38 (2014); Stern v. Marshall, 564 U.S. 462, 482–503 (2011). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007).

The court has reviewed the Bankruptcy Court order, the record on appeal, and the briefs. The Bankruptcy Court thoroughly analyzed the record, the bankruptcy code provisions, and governing Supreme Court precedent. See [D.E.1-1]. The court agrees with the Bankruptcy Court's thorough analysis and conclusions. See id. The Bankruptcy Court's findings of fact are not clearly erroneous, and its conclusions of law are correct. Moreover, the Vasquezes effectively concede that the Bankruptcy Court reached the proper outcome under Dewsnup. See [D.E. 15] 14–15. Although both parties offer reasonable arguments concerning whether the Supreme Court correctly decided Dewsnup, only the Supreme Court may chart a new course.

II.

In sum, the court AFFIRMS the Bankruptcy Court order [D.E. 1-1].

SO ORDERED. This 27 day of August 2020.

JAMES C. DEVER III
United States District Judge